FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2016 APR -4 AM 11:00

CLERK'S

BY_____

PJM 16 CV 0934

| | | |
|---|---|---|
| Renee L. McCray<br>109 Edgewood Street<br>Baltimore, Maryland 21229 | }<br>}<br>} | |
| *Plaintiff* | } | |
| vs. | } | Civil Action No.:_____ |
| SAMUEL I WHITE, P.C.<br>5040 Corporate Woods Dr., Ste 120<br>Virginia Beach, VA 23462<br><u>Serve On:</u><br>DANIEL PESACHOWITZ<br>SAMUEL I. WHITE, P.C.<br>611 ROCKVILLE PIKE<br>SUITE 100<br>ROCKVILLE, MD 20852<br>Resident Agent | }<br>}<br>}<br>}<br>}<br>} | **TRIAL BY JURY DEMANDED** |
| JOHN E. DRISCOLL, III<br>ROBERT E. FRAZIER<br>JANA M. GANTT<br>LAURA D. HARRIS<br>KIMBERLY LANE<br>DEENA L. REYNOLDS<br>(Substitute Trustees)<br>611 Rockville Pike Suite 100<br>Rockville, MD 20852<br><u>Serve On:</u><br>DANIEL PESACHOWITZ<br>SAMUEL I. WHITE, P.C.<br>611 ROCKVILLE PIKE<br>SUITE 100<br>ROCKVILLE, MD 20852<br>Resident Agent | }<br>}<br>}<br>}<br>}<br>}<br>} | |
| *Defendants* | } | |

## VERIFIED CLAIM FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and 28 U.S.C. § 1391.

2. All conditions precedent to bringing this claim has been performed.

## PRELIMINARY STATEMENT

3. This action arrives out of the illegal conduct and behavior of the Defendants engaging in collection activity defined in 15 U.S.C. § 1692a(5) and Defendants new and continuous violations of the FDCPA.

4. Plaintiff's action before this Court is to recover private right of action administrative remedy damages, actual damages, costs, fees and expenses incurred by Plaintiff prior to and during the pendency of this action.

5. Defendants did not receive permission from Plaintiff or from a court of competent jurisdiction before contacting Plaintiff. Plaintiff has never given permission for her private information to be shared with any third parties.

6. Plaintiff disputed the alleged debt was owe since it was discharged in bankruptcy and requested verification that the Defendants had a valid lien or secured interested in Plaintiff's property which they refused to do.

7. Defendants continue to pursue debt collection activities although being properly noticed pursuant to 15 U.S.C. 1692c(c) to cease and desist.

8. Plaintiff has pursued all her administrative remedies and those explicitly written within the FDCPA.

## PARTIES

9. The Plaintiff in this lawsuit is Renee L. McCray, a natural person is a consumer, as is defined in 15 U.S.C. § 1692a(3), hereinafter referred to as "Plaintiff."

10. The Defendants in this lawsuit are as follows:

    a. SAMUEL I. WHITE, P.C., ATTORNEYS AT LAW, is a for-profit Virginia Corporation that is also a debt collection law firm (hereinafter "SIWPC Defendants"). SAMUEL I. WHITE, P.C. is an entity that "regularly collects or attempts to collect" debts from consumers in the Maryland, Virginia and District of Columbia areas. Their actions in "attempting to collect, directly or indirectly, debts owed or due another," defines them as a "debt collector" subject to the regulations of the FDCPA.

    b. JOHN E. DRISCOLL, III is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "SIWPC Defendants"). Defendant, John E. Driscoll, III is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

    c. ROBERT E. FRAZIER is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "SIWPC Defendants"). Defendant, Robert E. Frazier is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

    d. JANA M. GANTT is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "SIWPC Defendants"). Defendant, Jana M. Gantt is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

    e. LAURA D. HARRIS is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "SIWPC Defendants"). Defendant, Laura D. Harris is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

    f. KIMBERLY LANE is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "SIWPC Defendants"). Defendant, Kimberly Lane is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

    g. DEENA L. REYNO

    h. LDS is an attorney with the Corporation Samuel I. White, P.C. Attorneys at Law (hereinafter "SIWPC Defendants"). Defendant, Deena L. Reynolds is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

11. At all relevant times herein, Defendants acted as debt collectors within the meaning of 15 U.S.C. § 1692a(6) in that they held themselves out to be collecting a consumer debt allegedly owed.

## FACTUAL CLAIMS

12. Paragraphs 1 through 11 are re-claimed as though fully set forth herein.

13. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed.

14. The FDCPA definition of the term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any

person to the extent that he receives an assignment or transfer of debt in default solely for the purpose of facilitating collection of such debt for another.

15. SIWPC Defendants are not creditors of Plaintiff, pursuant to 15 U.S.C. § 1692a(4), and no evidence exists to verify or validate that SIWPC Defendants are acting for a legitimate creditor as defined in the Act.

16. This verified claim is about the SIWPC Defendants new and continuous violations of the FDCPA. SIWPC Defendants continue to foreclose on Plaintiff's property without providing verified evidence they have a legal right to do so.

17. This action arises out of a consumer transaction, Plaintiff, Renee L. McCray, signed on October 7, 2005 a Promissory Note and Deed of Trust to refinance Plaintiff's home.

18. On October 7, 2005, Plaintiff signed a Promissory Note and Deed of Trust with the, alleged Lender, American Home Mortgage Corporation.

19. The alleged Lender, American Home Mortgage Corporation has been out of business since 2008.

20. At all times relevant to this action, SIWPC Defendants acquired whatever data they have in their possession from a third party.

21. SIWPC Defendants have used that data in its illegal acts and conduct of collecting an alleged debt from the Plaintiff. The data that SIWPC Defendants have used in their illegal conduct was obtained by SIWPC Defendants for a debt that was allegedly in default.

22. SIWPC Defendants are engaged primarily in the business of debt collection and uses the interstate mail to facilitate communication with the Plaintiff.

23. Pursuant to 15 USC 1692c(a) each of the acts by the SWIPC Defendants, including all previous communication was not given prior written consent by the Plaintiff or a court of competent jurisdiction.

24. On September 23, 2013, Plaintiff filed a voluntary Chapter 13 petition with the United States Bankruptcy Court for the District of Maryland, Case Number: 13-26131.

25. On January 30, 2014, Plaintiff filed a motion to convert the voluntary petition under Chapter 13 to a voluntary Chapter 7.

26. On January 31, 2014, the U.S. Bankruptcy Court entered an order converting the Chapter 13 to a Chapter 7.

27. On July 14, 2014, Plaintiff received an order discharging Plaintiff's Bankruptcy Case Number 13-26131. The order stated "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit...A creditor who violates this order can be required to pay damages and attorney fees to the debtor."

28. On December 10, 2015, the United States Bankruptcy Court for the District of Maryland ordered the Final Decree and closed Plaintiff's Bankruptcy Case Number: 13-26131.

29. On January 11, 2016, E. Edward Farnsworth Jr., Esquire, Attorney for SIWPC Defendants filed into the Baltimore City Circuit Court Foreclosure Action, Case No.: 24-O-13-000528 a "NOTICE OF TERMINATION OF AUTOMATIC STAY OF 11 U.S.C. SECTION 362" which stated "Accordingly the Substitute Trustees intend to resume foreclosure proceedings. Attorney Farnsworth also included a copy of the December 10,

2015 United States Bankruptcy Final Decree for Case No.: 13-26131-NVA Chapter: 7. Annexed hereto as **ANNEX A**.

30. Plaintiff received Attorney Farnsworth's Notice on January 13, 2016.

31. After receipt of Attorney Farnsworth's Notice, Plaintiff initiated an administrative procedure requesting verified evidence that SIWPC Defendants had a right to continue the foreclosure action. Plaintiff sent to Samuel I. White, P.C. a "NOTICE TO DEBT COLLECTOR – Notice to Agent Is Notice to Principal, Notice to Principal Is Notice to Agent." Defendant, Samuel I. White, P.C. was given ten (10) days to provide verified evidence that they had a right to continue the foreclosure action after the bankruptcy discharge and to provide a verified line by line rebuttal of the Notice. Annexed hereto as **ANNEX B**.

32. The Notice also stated "You are to cease and desist any and all foreclosure actions that have not been rendered by a judgment issued through a court of record. You have ten (10) days to provide a verified response excluding the day of receipt, all responses shall be directed to the NOTARY, addressed below."

33. Plaintiff also included an Advisory Note in the Notice to Samuel I. White, P.C. which stated:

> **Advisory Note:** The term "verification" is defined in Black's Law Dictionary 6th Edition: "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter states an object of verification is to assure good faith in averments or statements of party." The term "verify" is defined in Black's Law Dictionary 6th Edition: "To confirm or substantiate by oath or affidavit. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers." The word "verified," when used in a statute, ordinarily imports a verity attested by the sanctity of an oath. It is frequently used interchangeably with "sworn." "To prove to be true; to confirm or establish the truth or truthfulness; to check or

test the accuracy or exactness of; to confirm or establish the authenticity of; to authenticate; to maintain; to affirm; to support; to second; back as friend."

34. To date, Samuel I. White, P.C. has failed or refused to respond to the January 13, 2016 Notice as specified. Plaintiff has completed the administrative process on Defendant, Samuel I. White, P.C. who received a NOTICE OF DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT via Registered Mail Article Number: RE 713 812 333 US on Monday, March 24, 2016. A complete copy of Plaintiff's administrative process is Annexed hereto as **ANNEX C**.

35. On Thursday, February 25, 2016, Plaintiff received via USPS Certified Mail correspondence from Samuel I. White, P.C. dated February 22, 2016 regarding Notice of "Foreclosure Sale" of Plaintiff's property. SIWPC Defendants also included a copy of the newspaper advertisement setting forth the time, place and terms of sale. Annexed hereto as **ANNEX D.**

36. The Notice also stated "SUBSTITUTE TRUSTEES' SALE OF VALUABLE LEASEHOLD PROPERTY…the holder of the indebtedness secured by this Deed of Trust having appointed the undersigned Substitute Trustees…default having occurred under the terms thereof and at the request of the party secured thereby, the undersigned Substitute Trustee will offer for sale at public auction…" This Notice contained false, deceptive and misleading information regarding the existence of the indebtedness of a debt to a third party that Plaintiff does not even owe.

37. Also stated in the February 22, 2016 correspondence from SIWPC Defendants was the "NOTICE: Pursuant to the Federal Fair Debt Collection Practices Act, we advise you that

this firm is a debt collector attempting to collect the indebtedness referred to herein and any information we obtain from you will be used for that purpose."

38. On Wednesday, March 2, 2016, Plaintiff initiated another administrative procedure process and sent Samuel I White, P.C. a "DEMAND NOTICE TO CEASE AND DESIST FORECLOSURE SALE OF PROPERTY KNOWN AS – 109 NORTH EDGEWOOD STREET, BALTIMORE, MARYLAND" via USPS Certified Mail #7011 2970 0003 7982 1304. SWIPC Defendants received Plaintiff's Notice on Tuesday, March 8, 2016. Annexed hereto as **ANNEX E**.

39. In the March 2, 2016 Notice, Plaintiff demanded Samuel I. White, P.C. to provide within 72 hours verification of the debt they were collecting, since the alleged debt was discharged on July 14, 2014 in the United States Bankruptcy Court for the District of Maryland for Bankruptcy Case No.: 13-26131-NVA Chapter 7.

40. Plaintiff also demanded Defendant, Samuel I. White, P.C. to provide within 72 hours, verification that SIWPC Defendants had an enforceable security interest to take any non-judicial action to effect dispossession or disablement of Plaintiff's property.

41. Samuel I. White, P.C. has failed or refused to respond to the March 2, 2016 Notice to Cease and Desist. On March 14, 2016 Plaintiff sent Samuel I. White, P.C. a NOTICE OF FAULT AND OPPORTUNITY TO CURE – DEMAND NOTICE TO CEASE AND DESIST AND VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA). Samuel I. White, P.C. received the Notice of Fault…" on March 16, 2016 and has failed or refused to respond. Annexed hereto as **ANNEX F**.

42. Plaintiff has completed the second administrative process on Defendant, Samuel I. White, P.C., who received on March 24, 2016, a NOTICE OF DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT AND NOTICE OF PENDING LAWSUIT TO ENFORCE VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT (FDCPA) dated March 21, 2016 via Certified Mail #7011 2970 0003 7990 2492. Annexed hereto as **ANNEX G**.

43. SIWPC Defendants have engaged in abusive acts of harassment, trespassing and invasion of Plaintiff's privacy by advertising her home for sale to the public when they had no legal right to do so.

44. Defendant, Samuel I. White, P.C. advertised Plaintiff's property on Harvey West Auctioneers, LLC website: www.hwestauctions.com from March 4, 2016 – March 21, 2016.

45. Defendant, Samuel I. White, P.C. advertised Plaintiff's property in the "Daily Record" publication on 03/04, 03/11 and 03/18/2016 under "Public Notice."

46. Because of SIWPC Defendants illegal advertising of Plaintiff's property to the public, Plaintiff have received numerous unwarranted solicitations via USPS mail from various unknown sources. On a couple of the envelopes, they stated "INFORMATION REGARDING STOPPING A FORECLOSURE SALE" or "…Stopping Foreclosure in Maryland…"

47. SIWPC Defendants refusal to cease the illegal foreclosure action have continued to humiliate Plaintiff by advertising this illegal foreclosure sale causing Plaintiff continuous anxiety, stress and public embarrassment.

48. On February 12, 2013, SIWPC Defendants filed into Plaintiff's Baltimore City Land Records an illegal SUBSTITUTION OF TRUSTEE document prepared by Robert E. Frazier, Esquire, one of the SIWPC Defendants. Annexed hereto as **ANNEX H**. SWIPC Defendants also filed this illegal document into numerous Maryland Court Cases i.e., the Baltimore City Circuit Court Foreclosure Action, Case No.: 24-O-13-000528 and Plaintiff's United States Bankruptcy Case No.: 13-26131 and Adversary Proceeding 13-00710.

49. SIWPC Defendants continue to attempt to collect an alleged debt under false, deceptive, and misleading means, violating FDCPA 15 U.S.C. § 1692e.

50. Plaintiff claims that the new and continuous collection practices of SIWPC Defendants violates the FDCPA in their illegal efforts to continue collection activity on a consumer debt that was discharged in bankruptcy and their refusal to provide any verified evidence of their legal right to do so.

**Violations of the Fair Debt Collection Practices Act**
**(FDCPA) 15 U.S.C. § 1692, *et seq.***
**(As to All Defendants)**

51. Paragraphs 1 through 50 are re-claimed as though fully set forth herein.

52. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

53. SIWPC Defendants, are debt collectors within the meaning of the FDCPA § 1692a(6).

54. SIWPC Defendants, as debt collectors, violated U.S.C. 15 § 1692c(a). Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt. Plaintiff at no time gave SIWPC

Defendants **prior consent** to contact her. Plaintiff never gave SIWPC Defendants consent to contact her, SIWPC Defendants actions, initiating and continuing the Baltimore City Circuit Court Foreclosure Action, Case No.: 24-O-13-000528 after the alleged debt was discharged in the United States Bankruptcy Court, are a violation of U.S.C. 15 § 1692c(a).

55. After Plaintiff's bankruptcy discharge, SIWPC Defendants, as debt collectors, violated U.S.C. 15 § 1692c(b). Communication with Third Parties by SIWPC Defendants, advertising Plaintiff's property for sale in the Daily Record on three different dates (03/04, 03/11, and 03/18/2016) without Plaintiff's **prior consent,** is a violation under U.S.C. 15 § 1692c(b).

56. SWIPC Defendants, as debt collectors, again violated U.S.C. 15 § 1692c(b) Communication with Third Parties by SIWPC Defendants advertising Plaintiff's property for sale on Harvey West Auctioneers, LLC public website from March 4, 2016 – March 21, 2016 without Plaintiff's **prior consent**.

57. SWIPC Defendants, as debt collectors, violated U.S.C. 15 § 1692e – False or Misleading Representations. By SIWPC Defendants advertising Plaintiff's property for sale in the Daily Record on three different dates (03/04, 03/11, and 03/18/2016) falsely stating Plaintiff owes an indebtedness is a violation of U.S.C. 15 § 1692e(2)(A) the false representation of the legal status of any debt. Especially since SIWPC Defendants refuses to provide verified evidence of an alleged debt owed to the alleged "holder of the indebtedness secured by this Deed of Trust..." mentioned in the Daily Record ad.

58. SWIPC Defendants, as debt collectors, violated U.S.C. 15 § 1692f – Unfair Practices.

SWIPC Defendants, debt collectors, filed the non-judicial foreclosure action to dispossess or disable Plaintiff of her property, when they had no legal right through an enforceable security interest. SWIPC Defendants never had an enforceable security interest in Plaintiff's property. Through their false representation and deception intended to steal Plaintiff's property without verified evidence of their right to do so, is a violation of U.S.C. 15 § 1692f(6)(A).

59. SIWPC Defendants, as debt collectors, violated U.S.C. Title 15 § 1692g(b) by sending the February 22, 2016 Notice of Sale of Plaintiff property and refusal to validate the alleged debt giving them a right to sell Plaintiff's property.

60. On March 2, 2016 Plaintiff, who is a consumer, sent SWIPC Defendants a "Demand Notice to Cease and Desist…" **(ANNEX E)** and for verification of the alleged debt which would give SIWPC Defendants the right to sell her property. SIWPC Defendants failure or refusal to comply with Plaintiff's March 2nd demand for verification of the alleged debt or their right to sell Plaintiff's property is a violation of U.S.C. Title 15 § 1692g(b). SWIPC did not verify the alleged debt nor did they voluntarily cease and desist the March 22, 2013 sale of Plaintiff's home as specified in the March 2nd "Demand Notice to Cease and Desist…" which is also a violation of U.S.C. Title 15 § 1692c(c)(1).

61. SIWPC Defendants, as debt collectors, violated U.S.C. Title 15 § 1692j(a) by preparing the illegal SUBSTITUTION OF TRUSTEE document and filing it into Plaintiff's Baltimore City Land Records, deceiving the Plaintiff, the Clerk of the Court and bringing fraud on the court in numerous Maryland courts i.e., the Baltimore City Foreclosure Action, Case No.: 24-O-13-000528, the United States Bankruptcy for the District of

Maryland, Case No.: 13-26131 and Adversary Proceeding 13-00710. U.S.C. Title 15 § 1692j(a) states:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

62. The FDCPA imposes a strict liability standard. **Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.**

**WHEREFORE**, Plaintiff demands enforcement of Plaintiff's private right of action administrative procedure remedy in the amount of $480,000.00 as of the date of filing this claim. Plaintiff also demands judgment for costs, actual and statutory damages of $1,000.00 for each Defendant and additional damages of $66,500.00 <u>against each and every Defendant</u> pursuant to 15 U.S.C. § 1692k, and for such other and further relief as the court may deem proper and just.

If the Court determines Plaintiff has failed to state a claim, Plaintiff wishes the Court to grant her the opportunity for leave to amend her claim.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

*/s/ Renee L. McCray*
Renee L. McCray, Plaintiff
All Rights Reserved without Prejudice
c/o 109 Edgewood Street
Baltimore, Maryland 21229
Email: rlmccray@yahoo.com
(410) 945-2424

## **VERIFICATION**

I, Renee L. McCray, Plaintiff being of sound mind, having first-hand knowledge, affirm, state and declare by my freewill act and deed that the facts contained in this Verified Claim for Violations of the FDCPA are true, correct, complete and not misleading, under penalties of perjury.

Executed this __4th__ day of __April__, 2016

_____
Renee L. McCray, Plaintiff

*Notice: Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

| | |
|---|---|
| STATE OF MARYLAND | ) |
| | )   **JURAT** |
| CITY OF BALTIMORE | ) |

Before me the undersigned, a Notary acting within and for the City of _____ and State of Maryland on this _____ day of _____, 2016, personally appeared and known to me to be the identical Woman, Renee L. McCray, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of her firsthand knowledge, understanding, and belief, executed by her free will and voluntary act and deed the foregoing document.

Given under my hand and seal this __4th__ day of __April__, 2016.

_____
Notary signature

BERNELL A. DORMAN
Notary Public, Maryland
City of Baltimore
My Commission Expires
December, 2018

(seal)

My Commission expires: __December, 2018__

VERIFIED CLAIM FOR VIOLATIONS OF THE FDCPA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent to the parties listed below by USPS Certified Mail.

SAMUEL I WHITE, P.C.
5040 Corporate Woods Dr., Suite 120
Virginia Beach, VA 23462
Serve On:
DANIEL PESACHOWITZ
SAMUEL I. WHITE, P.C.
611 ROCKVILLE PIKE
SUITE 100
ROCKVILLE, MD 20852
Resident Agent

JOHN E. DRISCOLL, III
ROBERT E. FRAZIER
JANA M. GANTT
LAURA D. HARRIS
KIMBERLY LANE
DEENA L. REYNOLDS
(Substitute Trustees)
611 Rockville Pike, Suite 100
Rockville, MD 20852
Serve On:
DANIEL PESACHOWITZ
SAMUEL I. WHITE, P.C.
611 ROCKVILLE PIKE
SUITE 100
ROCKVILLE, MD 20852
Resident Agent

_____
Renee L. McCray